UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARASAN CHIP SYSTEMS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>STREAM TV NETWORKS, INC.,<br><br>  Defendant. | Case No. 20-cv-01848-SVK<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO ENTER STIPULATED JUDGMENT**<br><br>Re: Dkt. No. 17 |

**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**

Plaintiff Arasan Chip Systems, Inc. ("Arasan") has filed a request for entry of a stipulated judgment. Dkt. 17. Because Defendant Stream TV Networks, Inc. ("Stream TV") has not appeared or consented to the jurisdiction of a magistrate judge in this case, the Court **ORDERS** the Clerk of Court to reassign this case to a District Judge with the following Report and Recommendation.

**REPORT AND RECOMMENDATION RE
PLAINTIFF'S REQUEST FOR ENTRY OF STIPULATED JUDGMENT**

**I.  Background**

According to the declaration submitted by Arasan's attorney, Vinod Nichani, in support of Arasan's request for entry of a stipulated judgment, the parties reached a settlement agreement that was reduced to writing on April 29, 2020. Dkt. 16 (Nichani Decl.), ¶ 3 and Dkt. 16-1 (Ex. A – the "Settlement Agreement"). As part of the settlement, Stream TV entered into a Stipulation for Entry of Judgment. Dkt. 16, ¶ 3 and Dkt. 16-3 (Ex. C – the "Judgment"). Section 1.3 of the Settlement Agreement provides as follows:

> Arasan shall not seek to file or enforce the Judgment against Stream TV as long as Stream TV timely makes all payments under the Payment Schedule to Arasan. Upon any default in the Payment Schedule by Stream TV, however, the full amount remaining plus interest owing from Stream TV to Arasan under the payment schedule shall be due plus attorney's fees in the amount of $5,000 and costs of $500.00, less payments accrued. Without prior notice to Stream TV. [sic] Arasan shall be permitted to file the stipulation for judgment for

the sums that remain due and owing, obtain judgment for such amounts and enforce the Judgment in any matter permitted by law.  Notwithstanding the foregoing, nothing herein restricts Arasan from renewing the Judgment in accordance with applicable law at any time; the Parties acknowledge and agree that any such renewal does not constitute enforcement of the Judgment as contemplated herein.

Dkt. 16-1, § 1.3.

The parties entered into an amendment to the settlement agreement on June 8, 2020 that revises the payment schedule and states that "[u]pon the failure to pay the default provisions of the [April 29, 2020] Settlement Agreement and Release shall apply."  Dkt. 16, ¶ 3 and Dkt. 16-2 (Ex. B – the "Amendment"), § 1.1B.   The Amendment further states that "[e]xcept as amended by this Amendment, the Settlement Agreement shall remain unchanged and in full force and effect."  Dkt. 16-2, § 2.  Accordingly, upon any default in the payment schedule (as modified in the Amendment), Arasan is entitled to file the Judgment for sums that remain due and owing and obtain judgment for such amounts.  *See* Dkt. 16-1 § 1.3.

Counsel for Arasan states in his declaration that the total amount due from Stream TV under the Settlement Agreement is $175,000.  Dkt. 16 ¶ 5; *see also* Dkt. 16-2 § 1.1.  Stream TV made an initial payment of $30,000.  Dkt. 16 ¶ 5; *see also* Dkt. 16-2 § 1.1.A.  Under the payment schedule in the Amendment, Stream TV was required to remit $10,000 to Arasan each Friday, beginning on June 19, 2020, until the remaining balance of $145,000 was paid.  Dkt. 16-2 § 1.1.B.  However, according to Arasan's counsel, Stream TV made only one payment of $10,000, which was paid on August 13, 2020, and no further payments since then.  Dkt. 16 ¶¶ 5-6.

Accordingly, pursuant to the terms of the Settlement Agreement, Arasan seeks entry of the Judgment, in the amount of the balance owed under the Settlement Agreement ($135,000) plus $5,000 in attorney's fees and $500 in costs, for a total of $140,500.

## II.     Legal Standard

"[C]ourts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978).  "The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming

litigation." *Id*. Pursuant to this authority, a trial court may enter a stipulated judgment entered into as part of a settlement agreement, pursuant to the terms of the settlement agreement. *See Mohebbi v. Khazen,* No. 3-cv-03044-BLF, 2019 WL 144865, at *7 (N.D. Cal. Jan. 9, 2019); *Yelp Inc. v. Herzstock*, No. 15-CV-00693-PSG (LHK), 2018 WL 10638325, at *5 (N.D. Cal. Mar. 6, 2018).

Arasan has provided evidence that Stream TV has defaulted on the payment terms set forth in the Amendment, as well as evidence of the proper amount of the stipulated judgment. *See* Dkt. 16 ¶¶ 5-7. Stream TV has not opposed Arasan's request for entry of the stipulated judgment. The Court notes that Arasan has not filed a proof of service of its motion on Stream TV. Stream TV has not appeared in this matter and thus presumably does not receive ECF notices of filings in this case. Accordingly, Stream TV may not be aware of Arasan's motion and thus may not have had an opportunity to counter Arasan's showing that Stream TV has defaulted on settlement payments and/or its showing as to the balance owed. However, the parties' Settlement Agreement expressly provides that in the event of default, Arasan shall be permitted to file the stipulation for judgment for the sums that remain due and owing, obtain judgment for such amounts, and enforce the Judgment in any matter permitted by law "[w]ithout prior notice to Stream TV." Dkt. 16-1 § 1.3. Moreover, Stream TV is aware of the litigation, both because it was served with the summons and complaint and because the Settlement Agreement expressly refers to it. *See* Dkt. 7; Dkt. 16-1 at 1.

Accordingly, the undersigned **RECOMMENDS** entry of the stipulated judgment proposed by Arasan. However, to help ensure that there is no future dispute concerning the stipulated judgment, the Court will order Arasan to serve a copy of this Order on Stream TV, which will then have an opportunity to object to this report and recommendation pursuant to Civil Local Rule 72-3.

**III.   CONCLUSION AND DISPOSITION**

For the foregoing reasons, the Court **ORDERS** that this case be reassigned to a District Judge. The Court **RECOMMENDS** that the District Judge grant Arasan's request for entry of the stipulated judgment. The Court **ORDERS** Arasan to immediately (1) serve a copy of this Order on Stream TV by mail to the notice address set forth in section 4.14 of the Settlement Agreement

and by email, and (2) file a proof of service on ECF.

Any party may file objections to this Report and Recommendation within 14 days of service.  Fed. R. Civ. P. 72(b); Civ. L.R. 72-3.

**SO ORDERED.**

Dated: November 19, 2020

_____
SUSAN VAN KEULEN
United States Magistrate Judge